UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVIN LOPEZ ORELLANA (A-218-147-878),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-01900-TLN-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is am immigration detainee who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the undersigned recommends that the petition be granted.

## BACKGROUND

Petitioner initiated this action on March 9, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition, he alleges that he is a citizen of Guatemala, is currently detained pending immigration removal proceedings, and has been detained since January 16, 2025.  *Id*. at ¶ 19; ECF No. 11-1 at 1.  He alleges he entered the United States in March 2008.  ECF No. 1 at ¶ 23.  He agrees that respondent's submissions establish relevant facts.  ECF No. 12 at 2.  According to these submissions, petitioner was not encountered when he entered the country.  ECF No. 11 at 2.  On June 10, 2024, he was convicted of assault with a deadly weapon under Cal. Penal Code § 245(a)(1).  ECF No. 11-1 at 2; ECF No. 11-2 at 6-13.  Petitioner alleges he served eleven months in prison for this conviction.  ECF No. 1 at 6, 8.

1

////

On January 14, 2025, immigration authorities interviewed petitioner at North Kern State Prison. *See* ECF No. 11-1 at 2. On January 16, 2025, immigration authorities 1) administratively determined that petitioner's criminal conviction categorized him as a threat to public safety, and 2) served petitioner with a warrant for his arrest and placed him in detention. ECF No. 11 at 2; ECF No. 11-1 at 2; ECF No. 11-3. On December 17, 2025, an immigration judge found him inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), denied his asylum claim, and ordered his removal to Guatemala. ECF No. 11-7. Petitioner has appealed this decision to the Board of Immigration Appeals (BIA). ECF No. 11-8.

## LEGAL STANDARD

A federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

**A. The Statutory Basis for Petitioner's Detention**

Petitioner maintains that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b) because he is not an arriving citizen seeking admission at the border. ECF No. 10 at 2. Respondent conclusorily asserts that petitioner is detained pursuant to 8 U.S.C. § 1226(c) because of his criminal conviction and that his detention is mandatory.[1] ECF No. 11 at 2.

---

[1] The administrative determination made on January 16, 2025 is the only document that references petitioner's criminal conviction as the reason for his detention. ECF No. 11-1 at 2. The remaining records that respondent has submitted are less specific about the statutory basis for detention. The January 15, 2025 warrant for his arrest by immigration authorities states that petitioner lacks immigration status and/or is otherwise removable. ECF No. 11-3 at 1. The January 16, 2025 notice of custody determination merely states that he is detained by the Department of Homeland Security (DHS). ECF No. 11-6. The January 27, 2025 Notice to Appear describes petitioner as "an alien present in the United States who has not been admitted or paroled." ECF No. 11-4 at 1. The December 17, 2025 decision of the immigration judge does not cite § 1226(c) as a basis for detention or removal but rather states in conclusory fashion that petitioner must voluntarily depart or he will be removed to Guatemala. ECF No. 11-7 at 2-3.

////

Section 1226(c) enumerates categories of crimes for which a noncitizen may be detained. Neither party specifically addresses whether and why petitioner's conviction for assault with a deadly weapon under Cal. Penal Code § 245(a)(1) may bring him within the scope of § 1226(c), but it appears that this may be the case. *See Bermudez Guzman v. Barr*, 831 F. App'x 818, 822-823 (9th Cir. 2020) (noting that a conviction under Cal. Penal Code § 245(a)(4) with a sentence of less than five years is an aggravated felony but is not categorically a "particularly serious crime" for purposes of evaluating whether to grant withholding of removal under 8 U.S.C. 1231(b)(3)(B), and therefore such convictions must be considered for withholding of removal on a case-by-case basis); *see also Zamarripa v. Wofford*, No. 1:26-cv-01338-JLT-SKO, 2026 WL 681761, at *2 (E.D. Cal. Mar. 4, 2026) (noting that a person convicted of assault with a deadly weapon is excluded from the bond-eligible class in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025)).

Petitioner's reply argues that, regardless of whether § 1226(c) applies to his circumstances, his lengthy detention since January 16, 2025 without adequate procedural safeguards, is "incompatible with fundamental constitutional principles." ECF No. 12 at 2. For purposes of this analysis, and because petitioner does not persuasively refute that he is detained pursuant to § 1226(c), the court proceeds on the understanding that he is detained pursuant to § 1226(c) and not pursuant to § 1226(a) or § 1225(b).

**B. Merits of the Petition: Violation of Petitioner's Right to Due Process**

Petitioner has not received a bond hearing. ECF No. 12 at 2. He maintains that his prolonged detention violates fundamental due process protections. ECF No. 10 at 4. He requests a writ of habeas corpus ordering his release, or in the alternative ordering that he receive a hearing before an immigration judge. ECF No. 1 at 19. He cites *Demore v. Kim*, 538 U.S. 510 (2003) and *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1193 (9th Cir. 2022), in support of his argument that "due process places limits on immigration detention even when the statute itself does not." ECF No. 12 at 3.

////

3

////

The Ninth Circuit "has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)[.]" *Loba L.M. v. Andrews, et al.*, No. 1:25-cv-0611-JLT-SAB, 2025 WL 2939178, at *5 (E.D. Cal. Oct. 16, 2025) (cleaned up) (quoting *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021)).[2]  A number of district courts "have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process." *Lopez v. Warden of the California City Detention Facility*, No. 1:26-cv-1525-CSK, 2026 WL 834573, at *3 (E.D. Cal. Mar. 26, 2026) (citing *Loba L.M.* and *Keo v. Chestnut*, No. 1:26-cv-1192-DJC-CDK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026)).

The undersigned agrees with the view expressed in *Loba L.M.*, *Lopez*, and *Keo*. Petitioner's prolonged detention of over fifteen months implicates due process considerations.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The

---

[2]  In *Avilez v. Garland*, 48 F.4th 915, 927 (9th Cir. 2022), *amended and superseded on denial of rehearing en banc by Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023), the Ninth Circuit initially issued an opinion holding that petitioner was not entitled to a bond hearing by statute but remanding to the district court to consider petitioner's argument that she was entitled to a bond hearing as a matter of due process.  The panel amended its opinion after en banc review was denied and again declined to reach the due process claim, "leav[ing] this question to the district court to decide in the first instance."  69 F.4th at 538.  The court takes judicial notice that the district court docket of the *Avila* case indicates it was dismissed without having reached the merits of the due process claim.  Stipulation of Dismissal with Prejudice, *Avilez v. Barr*, No. 3:19-cv-8296-CRB, Dkt. No. 65 (N.D. Cal. Feb. 12, 2024).  "A court may judicially notice court documents that are already in the public record or have been filed in other courts regardless of whether a party seeks judicial notice." *Sempra v. Associated Elec. and Gas Ins. Servs Ltd*, No. 2:23-cv-10544-JLS-SSC, 2025 WL 3022284, at *4 n.2 (C.D. Cal. Aug. 13, 2025 ) (citing *Reyn's Pasta Bella, LLC, v. Visa USA Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006), Fed. R. Evid. 201(c)(1), and *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004)).

Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001); *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach. *See* ECF Nos. 1, 8, 12 at 7-9. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Since petitioner's entry to the United States in 2008, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including familial connections to his son for whom he has provided support, to his mother-in-law who has offered to open her residence to him, and to his church community which will support him to reestablish his life. *See* ECF No. 1 at 8-9; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*"). The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest, thereby circumscribing the process she is due under the Fifth Amendment relative to her removal from the United States. *See Demore*, 538 U.S. at 527; *Zadvydas*, 533 U.S. at 693; *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018). Here, however, respondent fails to demonstrate that petitioner has received adequate procedural protections regarding his lengthy detention.

Petitioner has demonstrated that the second *Mathews* factor militates in his favor. *See* ECF No. 1 at 6. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. §

1226(a); *Zadvydas*, 533 U.S. at 690.  Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor.  *See* ECF No. 12 at 9-10.  Respondent's interest in petitioner's detention is low.  *See Ortega*, 415 F. Supp. 3d at 970.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

For these reasons, the undersigned finds respondent's interest in detaining petitioner without an individualized bond determination at a hearing before a neutral factfinder is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the Due Process Clause of the Fifth Amendment.  Accordingly, the undersigned recommends the petition for writ of habeas corpus be granted.

////

////

6

////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondent be ordered to provide petitioner Edvin Lopez Orellana (A-218-147-878) with a bond hearing before a neutral decisionmaker within seven (7) days of issuance of this order where the government bears the burden or establishing by clear and convincing evidence that he poses a danger to the community or a risk of flight.

3) Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner without a pre-deprivation bond hearing before a neutral adjudicator, who possesses authority to order release, at which the Government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his physical custody is required.

4) Within ten (10) days of the date of this order, the parties shall file a joint status report informing the court of petitioner's custody status.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 6, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE