UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVIN LOPEZ O.,[1]<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITYDETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-01900-TLN-EFB<br>(A# 218-147-878)<br>**ORDER** |

Petitioner proceeds in this petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 13.) Respondents filed a one-sentence objection "for the reasons stated in its prior pleadings." (ECF No. 14.) Petitioner responded to the objection, correctly noting that the magistrate judge considered and

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

rejected Respondents' arguments. (ECF No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed July 6, 2026 (ECF No. 13) are ADOPTED in full as set forth below.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED and RESTRAINED from continuing to detain Petitioner (A# 218-147-878) for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral fact-finder at which Respondents bear the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider alternative conditions of release and Petitioner's financial circumstances in setting bond. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral factfinder at the hearing.

4. Within **ten (10) days** from the date of this Order, Respondents must file a **notice of compliance** with this Court's Order and identify Petitioner's custody status and the outcome of any hearing.

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner absent material changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show by clear and convincing evidence (a) a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas v.*

*Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017). At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE